**Guillermo VASQUEZ–ARAUJO,**
**Petitioner,**

v.

**John ASHCROFT, Attorney**
**General, Respondent.**

No. 03–70901.

Agency No. A46–993–133.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2004.*

Decided Aug. 19, 2004.

Dario Aguirre, San Diego, CA, for Petitioner.

Regional Counsel, Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Executive Office of Immigration Review, Office of Immigration Judge, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Christopher C. Fuller, Janice K. Redfern, U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Before HAWKINS, THOMAS, and BEA, Circuit Judges.

### MEMORANDUM**

Guillermo Vasquez–Araujo, a native and citizen of Mexico and a legal permanent resident of the United States, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order, which found petitioner removable for violating 8 U.S.C. § 1182(a)(6)(E)(i), which provides as follows:

> Any alien who at any time knowingly has encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of law is inadmissible.

We have jurisdiction pursuant to 8 U.S.C. § 1252(a). We generally review only the BIA's decision, but where, as here, the BIA affirms the IJ's decision without issuing an opinion, we review the IJ's ruling. *See* 8 C.F.R. § 1003.1(a)(7) (2003); *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003).

We review adverse credibility determinations under a substantial evidence standard. *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir.2002). Deference is given to the IJ's credibility determination, because the IJ is in the best position to assess the trustworthiness of petitioner's testimony. *Mendoza Manimbao v. Ashcroft,* 329 F.3d 655, 661 (9th Cir.2003). Under the substantial evidence standard, "the administrative findings are conclusive, unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Findings of fact will be sustained if they are supported by "reasonable, substantial, and probative evidence in the record." *Melkonian v. Ashcroft,* 320 F.3d 1061, 1065 (9th Cir.2003).

Because the parties are familiar with the facts and procedural history of this case, we do not recite them here. The IJ found petitioner's testimony not credible. The documentary evidence showed that (1) petitioner attempted to take an illegal alien named Maria de los Angeles Araujo–Gomez across the border in his own car; (2) petitioner repaired the car when it broke down; (3) the illegal alien was petitioner's cousin; (4) the illegal alien presented the birth certificate belonging to petitioner's girlfriend's daughter in her attempt to enter; and (5) petitioner knew she was illegal when he helped her in her attempt to illegally enter the United States. Additionally, petitioner's testimony concerning when their car broke down and how it was repaired, whether he was present when the illegal alien requested a ride across the border, whether he was ever introduced to the illegal alien, and how the illegal alien obtained a birth certificate was inconsistent with the testimony of other witnesses and with the documentary evidence. These inconsistencies went to the heart of petitioner's claim. *See Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002) (holding that inconsistencies must go the heart of a petitioner's claim in order to justify an adverse credibility finding).

Accordingly, we find that reasonable, substantial and probative evidence in the record supports the IJ's negative credibility finding.

We also find that the record supports the IJ's conclusion that the government proved by clear and convincing evidence that petitioner violated 8 U.S.C.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

§ 1182(a)(6)(E)(i). *See Landon v. Plasencia,* 459 U.S. 21, 35, 103 S.Ct. 321, 74 L.Ed.2d 21 (1982) (lawful permanent resident attempted to smuggle illegal aliens across the border in her car by furnishing them with her children's registration receipt cards; the Supreme Court held that alien was lawfully placed in exclusion rather than deportation proceedings and remanded case to court of appeals to consider the merits); *Mariscal–Sandoval v. Ashcroft,* 370 F.3d 851 (9th Cir.2004) (lawful permanent resident attempted to smuggle six women from Mexico in his van; court of appeals denied the petition); *Sidhu v. Ashcroft,* 368 F.3d 1160 (9th Cir. 2004) (lawful permanent resident attempted to aid her nephew to enter the country illegally by giving him her son's U.S. passport and traveling with him).

**PETITION DENIED.**